**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHARON L. MAVITY,                              :
                                               :
                    Plaintiff,                 :        Civil Action No.:        05-0107 (RMU)
                                               :
             v.                                :        Document No.:            23
                                               :
PHILLIP L. FRAAS, and                          :
HOGAN & HARTSON, LLP,                          :
                                               :
                    Defendants.                :

<u>**MEMORANDUM OPINION**</u>

**Granting the Defendants' Motion for Summary Judgment**[1]

**I.  INTRODUCTION**

        This matter comes before the court on the defendants' motion for summary judgment.

The plaintiff, Sharon Mavity, brings a *pro se* suit for legal malpractice against Phillip Fraas and

the law firm Hogan & Hartson.  The plaintiff alleges that the defendants committed legal

malpractice in connection with their representation of her gender discrimination claims at both

the administrative level and the district court level.  The defendants move for summary judgment

on the grounds that the plaintiff cannot establish a prima facie case of malpractice.  Because the

plaintiff has not shown that she can meet her burden of proof at trial, the court grants the

defendants' motion for summary judgment.

---

        [1]        The court notes with displeasure the defendants' practice of bombarding the court with
multiple motions (and supplements to motions) requesting essentially the same relief.  Though the
motions may carry different titles, "at the end of the day, even if you put a calico dress on it and call it
Florence, a pig is still a pig."  *Bradshaw v. Unity Marine Corp., Inc.*, 147 F. Supp. 2d 668, 671 (S.D. Tex.
2001).

## II.  BACKGROUND

### A.  Factual Background

The plaintiff is a female farmer in Montana who alleges that she lost her family farm in November 1996 as a result of gender discrimination in the administration of a credit program by the U.S. Department of Agriculture ("USDA"), in violation of the Equal Credit Opportunity Act[2] ("ECOA") and the Administrative Procedure Act ("APA").  Am. Compl. at 2; Local Civ. R. 16.3 Report at 2.  The plaintiff's "case was reviewed by two different USDA investigators and referred to the Office of Civil Rights ("OCR") of the USDA for final determination."  Am. Compl. at 2.  After the OCR concluded that the USDA had not discriminated against her, the plaintiff filed for a hearing before an Administrative Law Judge.  *Id.* at 3.

On October 20, 2000, the plaintiff's attorney, defendant Fraas, in conjunction with counsel for the USDA, removed the case to the United States District Court for the District of Columbia.  Local Civ. R. 16.3 Report at 2.  After a three-day bench trial, another member of this court, Judge Robertson, ruled in favor of the USDA, concluding that the government had not discriminated against the plaintiff.  *Id.* at 2-3.  The plaintiff appealed Judge Robertson's ruling, and the Court of Appeals appointed an attorney to act as *amicus curiae* for the plaintiff.  *Id.* at 3.  The Circuit affirmed Judge Robertson's decision on March 31, 2004.  *Id.*

The plaintiff contends that she lost at the appellate level because defendant "Fraas had allowed the APA to be removed from her case [at the district court]."  *Id.*  Presumably, the

---

[2]         The Equal Credit Opportunity Act ("ECOA") "forbids creditors to discriminate against an applicant 'with respect to any aspect of a credit transaction . . . on the basis of . . . sex or marital status.'  15 U.S.C. § 1691(a)(1).  ECOA claims are generally analyzed under the same burden-shifting analysis used in employment discrimination cases."  *Mavity v. Veneman*, Civ. No. 00-2518, Findings of Fact, Conclusions of Law, and Order for the Entry of J. (July 3, 2002) at 14.

plaintiff alleges that the defendant committed legal malpractice because he withdrew the APA

claim in the trial before Judge Robertson, "believing that all of Mavity's claims were actionable

under the ECOA." *Mavity v. Veneman*, No. 00-2518, slip op. at 1 (D.C. Cir. Mar. 31, 2004).

More generally, the plaintiff also alleges that defendant Fraas "failed to adequately prepare and

pursue her case through the ALJ process," and that he "failed to adequately prepare and present

her case" in the district court.  Am. Compl. at 4.

### B.  Procedural Background

On January 14, 2004, the plaintiff filed a complaint against defendant Fraas.  Because she

was unable to secure legal representation, the plaintiff voluntarily withdrew the complaint on

July 26, 2004.  Approximately a year later, the plaintiff filed the instant complaint.  In this

second suit, the plaintiff added Hogan & Hartson, defendant Fraas' employer, as a defendant.

The defendants filed a joint motion for summary judgment on January 17, 2006.  The court now

turns to the defendants' motion.

### III.  ANALYSIS

The defendants argue that the court should grant their motion for summary judgment

because the plaintiff's "claims fail as a matter of law."  Mem. of Law in Supp. of Defs.' Mot. for

Summ. J. ("Defs.' Mot.") at 9.  In particular, the defendants assert that the plaintiff cannot meet

her burden of proof at trial because she "has not provided the necessary expert testimony."  *Id.*

The plaintiff does not contest the defendants' assertion that she is unable to meet her burden of

proof at trial.  Instead, her opposition reiterates her allegation that the defendants committed legal

malpractice.  *See generally* Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n").

### 1.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable

a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the evidence "is merely

colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477

U.S. at 249-50 (internal citations omitted).

### 2.  The Court Grants the Defendants' Motion for Summary Judgment

To establish a prima facie case of legal malpractice in the District of Columbia, "a

plaintiff must establish the applicable standard of care, a breach of that standard, and a causal

relationship between the violation and the harm complained of."  *Athridge v. Aetna Cas. & Sur.*

*Co.*, 351 F.3d 1166, 1174 (D.C. Cir. 2003) (internal citations and punctuation omitted).  The

plaintiff must present expert testimony to prove the standard of care and its breach "unless the

attorney's lack of care is so obvious that the jury can find negligence as a matter of common

knowledge."  *Id.*

The defendants argue that the plaintiff cannot meet her burden because she cannot

provide the necessary expert testimony and expert reports.  Defs.' Mot. at 9.  The plaintiff does

not refute the defendants' assertions that she has not procured expert testimony and expert

reports.  Although she does not explicitly argue it, the plaintiff implicitly argues that the

defendants' lack of care was so obvious that a jury can find negligence as a matter of common

knowledge.  *See* Pl.'s Opp'n at 3 (describing the defendants' allegedly negligent acts and

questioning "[w]ould such action not be seen as malpractice in the eyes of a jury[?]").

Examples of actions that fall within the common knowledge exception include allowing

the statute of limitations to run, *O'Neil v. Bergan*, 452 A.2d 337, 342 (D.C. 1982), allowing entry

of default judgment against a client, *id*. at 342 n.6, not instructing a client to answer discovery

requests, *id.*, failing to assert affirmative defenses, *id.*, and billing a client for time not spent

rendering services, *Shapiro, Lifscitz, & Schram, P.C. v. R.E. Hazard, Jr.*, 97 F. Supp. 2d 8, 12 (D.D.C. 2000).

The plaintiff alleges that the defendants (1) "failed to adequately prepare and pursue her case through the ALJ process eventually petitioning it out of the process," (2) "failed to adequately prepare and present her case in a professional manner, resulting in a decision in favor of the USDA," and (3) "failed to file papers in a timely manner."  Am. Compl. at 4.  With respect to the plaintiff's first contention that the defendants petitioned her case out of the administrative law process and instead brought her case in federal court, "[s]trategy with respect to trial tactics is generally held to be within the discretion of the attorney."  *Williams v. Callaghan*, 938 F. Supp. 46, 50 (D.D.C. 1996) (granting an attorney's motion for summary judgment in a legal malpractice case because the plaintiff "failed to make any showing that he will provide expert testimony regarding the appropriate standard of care" and "'questions of tactics are in the lawyer's discretion'") (quoting *Applegate v. Dobrovir, Oakes and Gebhardt*, 628 F. Supp. 378, 382 (D.D.C. 1985), *aff'd*, 809 F.2d 930, *cert. denied*, 481 U.S. 1049 (1987)).  Because the defendants' decision to pursue the plaintiff's case in federal court is a tactical decision, *id.*, the plaintiff must provide expert testimony regarding the appropriate standard of care.

The plaintiff also makes vague and general allegations that the defendants "failed to adequately prepare and present her case in a professional manner."  Am. Compl. at 4.  The plaintiff's complaints about her attorney's performance are primarily directed at her attorney's performance during a pretrial deposition, Pl.'s Opp'n Ex. 5, and with his decision to withdraw the APA claim, Local Civ. R. 16.3 Report at 3.  In particular, she takes issue with the line of questioning defendant Fraas took with government witnesses and with his decision that certain

lines of questioning were irrelevant to the case.  Pl.'s Opp'n at 3 & Ex. 5.  An alleged "failure to interview potential witnesses and failure to vigorously cross-examine are trial tactics which would require the testimony of an expert witness to support a jury's finding of malpractice." *Williams*, 938 F. Supp. at 50.  That is, the plaintiff must provide expert testimony on the defendants' decisions regarding questioning of witnesses at the pretrial deposition.  The plaintiff must also present expert testimony on her allegation that defendant Fraas' decision to withdraw the APA claim constituted legal malpractice because a lay jury cannot be expected to understand the significance and viability of a particular legal claim.[3]

Last, the plaintiff asserts that defendant Fraas filed evidence in a tardy manner.  Am. Compl. at 3.  Specifically, she asserts that defendant Fraas filed a trial exhibit two days past the court-imposed deadline and that Judge Robertson consequently refused to consider the trial exhibit in his analysis of her case.  Pl.'s Opp'n at 3-4, Pl.'s Opp'n Ex. 8, Pl.'s Opp'n Ex. 9. "[W]hether [the evidence] would or would not have been usable or necessary, and whether the loss of the [evidence] was in any way causally connected to any consequence, would be a matter beyond the ken of a jury operating without the assistance of an expert witness."  *Applegate*, 628 F. Supp at 383.  Likewise, the significance of the plaintiff's inability to use the evidence in the trial is not a matter of common knowledge.  Indeed, Judge Robertson stated that the information contained in the exhibit "*might* have provided grounds for a distinct . . . argument at trial," Pl.'s Opp'n Ex. 9 (emphasis added), undercutting the plaintiff's unstated assumption that the attorney's failure to introduce the exhibit would have changed the outcome of the trial.  While

---

[3]    Indeed, it is doubtful that keeping the APA claim would have helped the plaintiff in her quest for money damages because the APA's waiver of sovereign immunity does not apply to suits for money damages.  *Larsen v. U.S. Navy*, 346 F. Supp. 2d 122, 128 (D.D.C. 2004).

the court does not condone tardy filing by attorneys, a lay jury would not have the expertise or

experience to evaluate the ramifications of this omission.  Because the plaintiff requires the

assistance of an expert witness to prove the elements of her prima facie case of legal malpractice,

the plaintiff's failure to appoint such an expert witness precludes the plaintiff from prevailing as

a matter of law.[4]  *Applegate*, 628 F. Supp. at 387.  Therefore, the court grants the defendant's

motion for summary judgment.

---

[4]        The plaintiff requests that the court appoint an expert witness pursuant to Federal Rule of
Evidence ("FRE") 706(a).  Pl.'s Mot. for Ct. Appointed Expert Witness at 1.  The decision to appoint an
expert under FRE 706(a) "rests solely in the Court's discretion and is to be informed by such factors as
the complexity of the matters to be determined and the fact-finder's need for a neutral, expert view."
*Tangwall v. Robb*, 2003 WL 23142190, at *3 (E.D. Mich. Dec. 23, 2003).  The "use of court-appointed
experts under Rule 706 is relatively infrequent and most judges 'view the appointment of an expert as an
extraordinary activity that is appropriate only in rare instances.'"  *Id.* at *4; s*ee also Applegate v.
Dobrovir, Oakes & Gebhardt*, 628 F. Supp. 378, 383 (D.D.C. 1985) (explaining that appointment of an
expert is appropriate only in "compelling circumstances").  The plaintiff argues that a court-appointed
expert would assist the court in narrowing the disputed issues in this case.  Pl.'s Resp. to Defs.' Opp'n
for Ct. Appointed Expert Witness at 1, 2.  The quantity of disputed issues in this case, however, is not so
great as to require a court-appointed expert witness.  Additionally, the fundamental issue in this case,
legal malpractice, is not so complex as to require a court-appointed expert witness.
        The court further notes that it is the plaintiff's burden to prove the elements of her prima facie
case of legal malpractice and that the plaintiff has repeatedly failed to comply with court-ordered
discovery deadlines.  "[A]ppointment of an expert witness for the plaintiff in this case under Rule 706
would be tantamount to the Court assisting the plaintiff in proving [her] case against the defendants.
Rule 706 was not designed to provide such relief to a litigant."  *Tangwall*, 2003 WL 23142190, at *4.

**IV.  CONCLUSION**

For the foregoing reasons, the court grants the defendant's motion for summary judgment.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued

this 10th day of October, 2006.


RICARDO M. URBINA
United States District Judge